

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2007

# Vazquez v. Ragonese

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1203

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Vazquez v. Ragonese" (2007). *2007 Decisions.* Paper 1141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1203
_____

JUAN M. VAZQUEZ,

Appellant

v.

DAVID RAGONESE; DEVON BROWN; KATHERINE IRELAND;
RAYFORD JOHNSON; MARK YAJCAJI; MICHAEL POWERS;
OFFEI (UNKNOWN); DAVIS (UNKNOWN); STEVEN JOHNSON;
CHARLES LEONE; RINA L. TERRY; GEORGESCU (UNKNOWN);
CALDWELL (UNKNOWN); SCO. COTTO (UNKNOWN);
BAILEY (UNKNOWN); ROY HENDRICKS; SAMUEL ATCHISON;
JOHN DOE; JANE DOE; BRIAN BONOMO
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 03-cv-05596)
District Judge: Honorable Jerome B. Simandle
_____

Submitted July 21, 2005
Decided August 4, 2005
On Remand from the Supreme Court of the United States February 20, 2007
Submitted Upon Remand on March 30, 2007

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed May 3, 2007)

_____

OPINION

_____

PER CURIAM

Before us on remand is Juan Vazquez's appeal from an order of the United States

District Court for the District of New Jersey, granting defendants' summary judgment

motion and dismissing his civil rights complaint without prejudice for failing to exhaust

administrative remedies on all claims. On August 4, 2005, we entered judgment affirming

the District Court. Vazquez filed a petition for a writ of certiorari with the United States

Supreme Court. On February 20, 2007, the Supreme Court granted his petition, vacated

our judgment in this case and remanded the proceeding to our Court for further

consideration in light of Jones v. Bock, 549 U.S. __, 127 S. Ct. 910 (2007). For the

reasons that follow, we will vacate the order of the District Court entered December 17,

2004, and remand for further proceedings.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prohibits an

inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct

_____

[1] Vazquez' notice of appeal stated that he is also appealing orders entered earlier in the
case. We will affirm the following orders for the reasons stated by the District Court: (1)
order entered February 9, 2004 (dismissing defendants Judge Garrett E. Brown, Jr. and
District Clerk Supervising Deputy Clerk Michael Shanklin, on the basis of judicial
immunity and quasi-judicial immunity); (2) order entered June 23, 2004 (dismissing
claims against David Ragonese, Steven Johnson, Mark Yajcaji and Rina Terry on the
grounds of absolute immunity; dismissing procedural due process claim for lack of a
protected liberty interest, and dismissing claims against all defendants in their official
capacities); and (3) order entered September 15, 2004 (denying without prejudice
Vazquez' motion for appointment of counsel). We note that on May 31, 2005, the
District Court also denied Vazquez' motion for reconsideration; however, Vazquez has
not appealed that order.

by prison officials until the inmate has exhausted available administrative remedies. Here, the District Court determined that Vazquez had "exhausted his administrative remedies only with respect to his allegations of retaliation, as set forth in paragraphs six of the Parties section and paragraph twelve of the Statement of Claims of Plaintiff's Complaint." The Court found that Vazquez "failed to exhaust his available administrative remedies with respect to all other claims raised herein, particularly his claims that he was threatened by staff at [the Garden State Youth Correctional Facility]." The District Court dismissed the action without prejudice to give Vazquez the opportunity to submit his claims to the prison administration, or to abandon his unexhausted claims and proceed only on the exhausted claims.

In Jones, the Court held that the PLRA does not contain a "total exhaustion rule;" in other words, where a complaint contains both exhausted and unexhausted claims, the Court may simply proceed with the exhausted claims and dismiss the unexhausted ones rather than dismissing the entire complaint because of some unexhausted claims. Jones, 127 S. Ct. at 925-26. We therefore will vacate the District Court's December 17, 2004 order and remand for further proceedings consistent with Jones.

3